**FILED**

JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARCELLUS M. MASON, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  08 1146 |
| | ) | |
| THOMAS K. KAHN, Clerk of Court, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION

The plaintiff has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*, but will dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal if the complaint is frivolous, or seeks monetary relief against a defendant who is immune from such relief).

Plaintiff, a citizen of Florida, filed suit in 1999 against the Highlands County Board of Commissioners in the United States District Court for the Northern District of Florida, Civil Action No. 99-14027. He is dissatisfied with the outcome and his appeals therefrom. Here, plaintiff seeks to have this Court declare unconstitutional and void or to vacate four separate orders of the district court in that case that (1) enjoined plaintiff from contacting any of the defendant Commissioners (*see* Compl. ¶¶ 18, 160), (2) directed plaintiff to correspond only with defendants' counsel (*id.* ¶¶ 19, 160), (3) imposed, *sua sponte,* a pre-filing injunction on plaintiff (*id.* ¶¶ 30, 132), and (4) granted an award of $200,000 in attorneys fees against plaintiff and in favor of the Commissioners. Further, and still related to the same case and its appeals, plaintiff

3

asks that this Court declare unlawful the determinations denying him *in forma pauperis* status made by the district court and by the Court of Appeals for the Eleventh Circuit (*id.* ¶¶ 29, 135, 161). He also seeks a declaratory judgment from this Court that unpublished circuit court opinions are unconstitutional. (*Id.* ¶¶ 98, 106, 109, 116, 125, 128.) In addition, plaintiff sues the United Stats Attorney General, Michael Mukasey, and the Clerk of Court for the Eleventh Circuit, Thomas Kahn, each in his official capacity. As to the Attorney General, plaintiff seeks damages for malicious prosecution and abuse of process for a criminal contempt proceeding against plaintiff brought by the United States Attorney for the Southern District of Florida when plaintiff attempted to file a complaint in violation of the pre-filing injunction. (*Id.* ¶¶ 139-147.) As to the Circuit Clerk, plaintiff demands specific performance and refund of filing fees under a breach of contract theory, asserting that Kahn promised—but did not provide—plaintiff with a meaningful review on appeal. (*Id.* ¶¶ 148-159.)

None of plaintiff's claims may be heard in this Court. This Court lacks jurisdiction to review either a sister district court's orders or a federal appeals court's orders or publication decisions. *See* 28 U.S.C. §1331 *et seq.* This Court also lacks jurisdiction to interfere with the Eleventh Circuit's exclusive supervisory authority over its clerk and, therefore, has no authority to direct the Clerk of Court for the Eleventh Circuit to take any action. *See In re Marin,* 956 F.2d 339 (D.C. Cir. 1992) (per curiam). The United States Attorney General is immune from the claims brought by plaintiff. *See Dellums v. Powell,* 660 F.2d 802, 805 (D.C. Cir. 1981) ("[W]hen a prosecutor is engaged in initiating a prosecution, his absolute immunity from civil suit is firmly established.") (internal quotation marks omitted).

The claims for plaintiff's alleged injuries from unpublished opinions constitute "claims of infringement of a legal interest which clearly does not exist," which are frivolous under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The claims against the individual defendants are based on indisputably meritless legal theories, subjecting them to dismissal under 28 U.S.C. § 1915(e)(2)(B), also. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (identifying claims against which it is clear that the defendants are immune from suit as indisputably meritless); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii). The remaining relief sought by plaintiff is unavailable, as this Court lacks jurisdiction to hear appeals from a sister district court or from a court of appeals.

A separate order accompanies this memorandum opinion.

Date: *June 25, 2008*

United States District Judge